# EXHIBIT B



RECEIVED
JUL - 5 2017
INSURANCE
COMMISSIONER

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

CLEAR CREEK RETIREMENT PLAN II, LLC, a Washington limited liability company,

Plaintiff,

vs.

FOREMOST INSURANCE COMPANY GRAND RAPIDS MICHIGAN, a Michigan corporation,

Defendant.

NO. 17-2-09240-7

**COMPLAINT FOR VIOLATION OF INSURANCE FAIR CONDUCT ACT (RCW 48.30)**

COMES NOW the Plaintiff, by and through its attorneys, Rodgers, Kee & Card, P.S. and for complaint against Defendant allege and aver as follows:

### I. PARTIES

1.1   Clear Creek Retirement Plan II, LLC ("Clear Creek"), UBI No. 603157175, is an active Washington limited liability company licensed with the Washington Secretary of State with their principal place of business in Pierce County, Washington.

1.2   Defendant Foremost Insurance Company Grand Rapids Michigan ("Foremost") is a Michigan corporation with its registered office in Caledonia, Michigan and is licensed to do business in Washington State with the Office of Insurance Commissioner under WAOIC: 481.

COMPLAINT - 1

Rodgers Kee & Card, P.S.
ATTORNEYS AT LAW
324 West Bay Drive NW, Suite 201
Olympia, Washington 98502
(360) 352-8311, FAX: (360) 352-8501

Case 3:17-cv-05564-RBL   Document 1-2   Filed 07/21/17   Page 3 of 7

## II. JURISDICTION AND VENUE

2.1.   This Court has jurisdiction pursuant to RCW 2.08.010, RCW 48.30.010 and RCW 48.30.015.

2.2.   Venue is proper pursuant to RCWA 4.12.025.

## III. FACTS

3.1.   Clear Creek purchased a commercial mobile home insurance policy ("the Policy") from Foremost through Farmers Insurance under Policy No. 444-0019354954 on or about November 23, 2014 covering ten (10) different homes.

3.2.   Foremost issued endorsements for each home with comprehensive insurance coverage in the amount of $100,000 for nine (9) of the homes and $150,000 for one (1) of the homes. Among the named perils in the Policy was loss due to "Theft, larceny, robbery, pilferage or any attempt threat."

3.3.   Between October 2013 and September 2014, Clear Creek purchased from and paid to Select Homes NW, LLC (hereinafter "Select") the sum of $474,824 for the acquisition and delivery of five (5) modular homes manufactured by KIT HomeBuilders West ("KIT"), bearing Serial Nos. 50148, 50194, 50200, 50196 and 50203.

3.4.   The modular homes were all delivered directly from KIT to Clear Creek's property in Williston, North Dakota by Bennett Truck Transport, LLC.

3.5.   In January 2015, before Clear Creek had affixed the modular homes upon its lots, without justification or authority, David B. Cecie (acting individually and as owner of Select), willfully and intentionally removed the five (5) modular homes from Clear Creek's property, converted them to his possession and secreted them across state lines to Wolf Point, Montana. The homes were sold to a third party and never returned to Clear Creek's possession.

3.6.   Clear Creek filed two police reports of the theft; one with the City of Williston Police Department on January 1, 2015 and the other with the Williams County Sheriff's

COMPLAINT - 2

Rodgers Kee & Card, P.S.
ATTORNEYS AT LAW
324 West Bay Drive NW, Suite 201
Olympia, Washington 98502
(360) 352-8311, FAX: (360) 352-8501

Office on January 8, 2015.

3.7. On or about January 20, 2015 Clear Creek filed its online claim under the Policy and received a claim reference number of 15634189. By letter dated January 26, 2015 Foremost confirmed receipt of the claim, indicated a Claim Unit No. 3002534800-1-2, and requested Clear Creek to complete an attached Proof of Loss form and Sworn Statement document.

3.8. On or about February 20, 2015, Clear Creek submitted the Proof of Loss and Sworn Statement to Foremost for theft of five (5) of the homes covered by the Foremost endorsements with a stated claim of $550,000.00.

3.9. Foremost denied Clear Creek's claim for coverage or payment of benefits insured under the Policy by letter dated June 26, 2015 after a properly and timely provided Proof of Loss for theft that was received by Foremost on February 23, 2015.

3.10. In its denial letter Foremost claimed it was unable to locate a police report for the loss and that it found no support to show that a theft had occurred.

3.11. Clear Creek requested Foremost to reconsider the denial by letter to the General Claims Adjuster on December 2, 2016; Foremost never responded.

## IV. Violations of Insurance Fair Conduct Act

4.1. Clear Creek reasserts the allegations contained in paragraphs 1.1 through 3.11.

4.2. Clear Creek was an innocent victim of theft by another who clearly intended to deprive Clear Creek of possession of its insured property that was stolen from its real property.

4.3. At a minimum, Foremost's acts and omissions violated the Insurance Fair Conduct Act (RCW 48.30.010 and RCW 48.30.015) and the rules provided within WAC 284-30-330, WAC 284-30-370 and WAC 284-30-380 as follows:

COMPLAINT - 3

Rodgers Kee & Card, P.S.
ATTORNEYS AT LAW
324 West Bay Drive NW, Suite 201
Olympia, Washington 98502
(360) 352-8311, FAX: (360) 352-8501

4.3.1. Foremost's denial of coverage was not done timely and was unreasonable. This is an express violation of WAC 284-30-380.

4.3.2. Foremost failed to acknowledge and act reasonably promptly upon communications with respect to Clear Creek's request for reconsideration of denial of coverage as required by WAC 284-30-330(2) and 284-30-360(3).

4.3.3. Foremost violated WAC 284-30-330(3) by failing to implement a reasonable investigation. In its denial letter, Foremost claimed it was unable to locate a police report; yet Clear Creek had made two such reports; one to the City Police and the other to the County Sheriff. Foremost also claimed it found no support to show a theft occurred, yet Cecie took the modular homes from Clear Creek property, converted them to his possession, transported them across state lines and sold them to a 3rd party for his personal gain. The homes have never been returned to Clear Creek and the money paid for the homes has never been paid back. Any reasonable investigation would have found factual support that a theft had occurred.

4.3.4. Foremost violated WAC 284-30-330(4) by refusing to pay out Clear Creek's claims without conducting a reasonable investigation.

4.3.5. Foremost did not attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim. Had Foremost performed a reasonable and good faith investigation it would have readily found that Clear Creek's claims for theft were reasonably clear. Instead, Foremost simply elected to deny the claim rather than to promptly pay the property damage claim in a clear liability situation and based its decision without regard to the facts or the law in violation of WAC 284-30-330(6).

4.4. Foremost's repeated violations of the provisions of WAC 284-30 et seq., amount to an unreasonable denial of a claim for coverage or payment of benefits as provided under RCW 48.30.015 and constitute violations of the Insurance Fair Conduct Act.

COMPLAINT - 4

Rodgers Kee & Card, P.S.
ATTORNEYS AT LAW
324 West Bay Drive NW, Suite 201
Olympia, Washington 98502
(360) 352-8311, FAX: (360) 352-8501

4.5  As a result of Foremost's acts and omissions, Clear Creek has suffered, and continue to suffer, damages in an amount to be proven at trial, but in no case are damages less than $550,000.00.

## V. Prayer for Relief

WHEREFORE, after having pled, averred, contended, and alleged in complaint for damages, Plaintiff prays the Court to enter judgment against Defendant as follows:

5.1.  Award Plaintiff the full benefit of the Policy ($550,000.00) plus all of their damages, including consequential damages, resulting from Defendants' wrongful conduct as described herein;

5.2.  Award Plaintiff treble damages for Defendants' violations of Washington's Insurance Fair Conduct Act (RCW 48.30.015);

5.3.  Award Plaintiff their costs and attorney's fees incurred in obtaining the full benefit of the insurance policy and in pursuing their statutory claims as authorized under the the Insurance Fair Conduct Act;

5.4.  Award Plaintiff prejudgment interest on all damages awarded; and

5.5.  Grant to Plaintiff such other relief as may be just, legal, and proper.

DATED this 29th day of June, 2015.

RODGERS, KEE & CARD, P.S.

By: _____
Thomas J. Westbrook, WSBA # 4986
Of Attorneys for Plaintiff

COMPLAINT - 5

Rodgers Kee & Card, P.S.
ATTORNEYS AT LAW
324 West Bay Drive NW, Suite 201
Olympia, Washington 98502
(360) 352-8311, FAX: (360) 352-8501

**Verification Of Complaint**

STATE OF WASHINGTON  )
                     ) ss:
COUNTY OF THURSTON   )

RUSTY FIELDS, being first duly sworn, upon oath, states that I have read the foregoing Complaint, know the contents thereof, and believe the same to be true.

I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed at Tacoma, Washington this 29th day of June, 2017.

_____
Rusty Fields, Manager
Clear Creek Retirement Plan II, LLC

SUBSCRIBED AND SWORN to before me this 29th day of June, 2017.



_____
Notary Public in and for the State of Washington, residing at Olympia.
My Commission Expires April 21, 2020.

COMPLAINT - 6

Rodgers Kee & Card, P.S.
ATTORNEYS AT LAW
324 West Bay Drive NW, Suite 201
Olympia, Washington 98502
(360) 352-8311, FAX: (360) 352-8501