HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLEAR CREEK RETIREMENT PLAN II LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FOREMOST INSURANCE COMPANY GRAND RAPIDS MICHIGAN, a Michigan corporation,<br><br>Defendants. | CASE NO. 3:17-cv-05564-RBL<br><br>ORDER ON MOTION FOR SUMMARY JUDGMENT |

THIS MATTER is before the Court on Defendant Foremost Insurance Company's Motion for Summary Judgment [Dkt. #11]. David Cecie and Rusty Fields formed Clear Creek in 2011. Each owned 50% of the corporation. In 2014, Clear Creek bought five mobile homes using another Cecie-owned company, Select Homes, as its broker. Clear Creek purchased insurance on the mobile homes from Foremost. The mobile homes were kept on a development in North Dakota.

Fields and Cecie's relationship began to deteriorate around the time of the mobile homes' delivery. Fields terminated Clear Creek's relationship with Select Homes in December 2014.

Fields's attorney also sent a letter to Cecie directing him to stop work on Clear Creek's behalf, despite the fact that Cecie owned 50% of Clear Creek. In January 2015, Cecie moved the mobile homes from North Dakota to a lot in Montana. Cecie later sold the homes to a third party.

Clear Creek reported the loss of the homes to law enforcement in North Dakota, but they determined that the dispute was a civil matter, not a criminal one, because Cecie provided evidence that he owned the mobile homes. Much civil litigation followed, and Clear Creek ultimately released all claims against Cecie for theft, conversion, or wrongful taking. Cecie disclaimed any ownership of Clear Creek.

Nevertheless, Clear Creek made a theft claim against its Foremost insurance policy. Clear Creek's Commercial Mobile Home Policy provided:

> [Foremost will] pay for direct, sudden, and accidental loss of, or damage to, [Clear Creek's] mobile home . . . caused by: . . . Theft, larceny, robbery, pilferage or any attempt there at.

Dkt. 11 at 12.

Five months later, Foremost denied Clear Creek's claim after determining that the loss was part of a business dispute and was not the result of theft. Clear Creek subsequently provided Foremost a letter it had sent to the mobile homes' purchaser, claiming that the mobile homes were stolen. Foremost stood by its coverage denial.

Two years later, Clear Creek sued, claiming that Foremost violated Washington's Insurance Fair Conduct Act (IFCA). Under IFCA, a policyholder who is unreasonably denied coverage can recover damages resulting from that denial. Wash. Rev. Code § 48.30.015 (2018). Clear Creek argues that Foremost unreasonably denied its theft claim because it had demonstrated that it owned the mobile homes, and that Cecie did not. It also argues that Foremost violated three more technical IFCA requirements. First, Clear Creek claims IFCA

requires an insurer to make a coverage determination within fifteen days, while Foremost took five months. Second, Clear Creek alleges that Foremost failed to respond to its request for reconsideration of the coverage denial. Third, Clear Creek argues that Foremost failed to conduct a reasonable investigation before denying coverage. Clear Creek argues that the unreasonable denial forced it to declare bankruptcy. Thus, Clear Creek seeks damages beyond its policy limits based on the alleged IFCA violations.

Foremost moves for summary judgment on all claims. Foremost argues that the totality of the evidence establishes a business dispute, not a theft, and the claim denial was correct, or at the very least reasonable. It also argues that Clear Creek's "technical" IFCA violation claims cannot survive absent an unreasonable denial of coverage. Clear Creek argues that together these violations establish that Foremost *per se* unreasonably denied its claim.

## I.  LEGAL STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has

met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24. There is no requirement that the moving party negate elements of the nonmovant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has met its burden, the nonmovant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. at 248.

## II. DISCUSSION

### A. Foremost did not unreasonably deny Clear Creek's insurance claim.

Clear Creek asserts that because Foremost ignored clear evidence of theft, its denial of the theft claim was unreasonable. Foremost argues that its denial was reasonable as a matter of law, given the totality of the facts, which established Clear Creek was in the midst of a business dispute, not the victim of theft.

Whether an insurer acted reasonably is generally a question of fact. *See Smith v. Safeco Ins. Co.*, 78 P.3d 1274 (Wash. 2001). However, "[t]he policyholder has the burden of proof. The insurer is entitled to summary judgment if reasonable minds could not differ that its denial of coverage was based upon reasonable grounds." *Id.* at 1277.

Foremost claims that it relied on several pieces of evidence to determine that the loss of the mobile homes was a civil business dispute, not a crime. First, Foremost argues that Cecie's 50% ownership of Clear Creek and his history of negotiating purchases on behalf of Clear Creek indicated he at least had an arguable claim to the mobile homes. Foremost also relied on the police report characterizing the matter as a civil dispute. Additionally, Foremost points out that

the parties resolved all their claims against each other through subsequent civil litigation, and the homes' purchaser paid Clear Creek $100,000—unusual, to say the least, if they were stolen.

Clear Creek argues that Foremost's denial was unreasonable because it relied on assumptions—mainly, crediting the police report over Clear Creek's statements and believing that Cecie had any ownership claim to the mobile homes—to do so. "An insurer does not have a reasonable basis for denying coverage and, therefore, acts without reasonable justification when it denies coverage based upon suspicion and conjecture." *Indus. Indem. Co. of the Nw. v. Kallevig*, 792 P.2d 520, 526 (Wash. 1990). In *Kallevig*, an insurer ignored the claims adjuster's warning that faulty workmanship may have caused a fire. The insurer instead relied on the fire department's conclusion that the policyholders set the fire and thus denied their claim. After a jury found that the insurer had unreasonably denied the claim by failing to follow up on the adjuster's report, the court ruled that the jury's verdict was reasonable. The court denied the insurer's motions for a directed verdict and judgment notwithstanding the verdict.

Although Foremost relied on the police report's determination of a business dispute over the policyholder's characterization of the situation as theft, this was not an unreasonable denial based on suspicion and conjecture. Foremost relied on compelling evidence that reasonably established (1) a business dispute between Clear Creek's two partners had occurred; (2) that Cecie had a 50% ownership interest in Clear Creek when he relocated the mobile homes, which he demonstrated to the satisfaction of the police; (3) that Cecie had brokered sales of mobile homes on behalf of Clear Creek before; and (4) the letter directing Cecie to cease working for Clear Creek did not terminate his interest in the mobile homes. Later events also confirm the situation was a business dispute: the matter between Fields and Cecie was ultimately resolved

civilly, there were no criminal charges brought against Cecie, and the mobile homes' purchaser paid Clear Creek part of the value of the homes.

Clear Creek emphasizes that Foremost did not attempt to find the first police report detailing the loss of the mobile homes. Although Foremost's denial letter states that Foremost had "been unable to locate a police report for the loss," Foremost did locate and rely on the final police determination that the matter was civil, and not criminal. Dkt. 12-6. While Foremost may not have looked at Clear Creek's initial police report, its reliance on the final decision shows that it was aware of the circumstances surrounding Cecie's taking the mobile homes. Even considering the evidence in the light most favorable to Clear Creek, this was a reasonable basis on which to deny Clear Creek's claim.

Indeed, looking at all of the evidence, it was clearly the correct coverage determination. There was no "theft" of the mobile homes. There was a business dispute between two equal partners where one partner took company assets that he had a legitimate right to possess. Clear Creek does not provide a single case in which one owner of shared assets used those assets and a court characterized that event as a theft. It is a civil dispute, not a crime, as a matter of law and of common sense.

**C. IFCA does not provide an independent cause of action absent an unreasonable denial.**

Foremost argues that because its denial was not unreasonable, none of Clear Creek's claimed technical IFCA violations are actionable. Clear Creek contends that while some claims may not be independently actionable under IFCA, claims for untimely responses and failure to reasonably investigate a claim are actionable under IFCA even without an unreasonable denial because they are *per se* violations of the Consumer Protection Act (CPA). They also argue that

because a violation of IFCA was actionable in *Kallevig*, all of their claims are actionable under IFCA.

No claim under IFCA is actionable without an unreasonable denial. "IFCA does not create an independent cause of action for regulatory violations." *Perez-Crisantos v. State Farm Fire & Cas. Co.*, 389 P.3d 476, 482 (Wash. 2017). Untimely responses and failure to reasonably investigate claims are violations under IFCA, but they only increase the damage awarded for unreasonable denials, instead of establishing an unreasonable denial in and of themselves. *Id*. Contrary to Clear Creek's understanding of the law, the *Perez-Crisantos* court noted that "it is unlikely the legislature would have intended to create a private cause of action for violation of only some of the specific regulations . . . ." *Id*. at 483.

Clear Creek also argues that a claim of unreasonable investigation was actionable in *Kallevig*, thus such a claim and others like it must be actionable under IFCA. However, that claim was brought under the CPA and the case predates IFCA by over a decade. As Clear Creek has not brought a CPA claim, its reliance on *Kallevig* is misplaced and it does not apply here.

### III. CONCLUSION

There can be no IFCA violation without an unreasonable denial, and Foremost's denial of coverage was reasonable as a matter of law. Foremost's Motion for Summary Judgment on all of Clear Creek's claims is **GRANTED** and those claims are **DISMISSED** with prejudice.

IT IS SO ORDERED.

Dated this 6th day of August, 2018.

Ronald B. Leighton
United States District Judge